UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY JACKSON,

                      Petitioner,

v.

UNITED STATES OF AMERICA,

                      Respondent.
_____/

Criminal Case Number 09-20129
Civil Case Number 10-13283
Honorable David M. Lawson

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Petitioner Tommy Jackson was convicted on his plea of guilty of possession with intent to distribute five or more grams of crack cocaine, possession with intent to distribute heroin, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. The last of these counts, charging an offense under 18 U.S.C. § 924(c), required a 60-month consecutive sentence. The penalty for the cocaine charge was enhanced because the petitioner had been convicted previously of a felony drug offense, so he faced a mandatory minimum ten-year sentence on that count.

The plea was made under an agreement that provided in part that the sentence would not exceed the maximum term of the applicable Sentencing Guideline range, which the parties predicted would be 120 months for the felon in possession and drug crimes, plus a 60-month consecutive sentence for the section 924(c) offense. However, unbeknownst to the attorneys at the time, the petitioner had additional criminal history, which triggered the career offender provisions of the sentencing guidelines. At the sentencing hearing on September 22, 2009, the Court calculated the petitioner's guideline range at 262 to 327 months on the felon in possession and drug crimes. The 924(c) offense still required an additional 60-month mandatory consecutive sentence. Nonetheless,

the Court honored the parties' agreement and imposed concurrent sentences of 120 months on the felon in possession and drug crimes, and a 60-month consecutive sentence for violating section 924(c). The petitioner did not appeal his conviction or sentence.

Now before the Court is the petitioner's motion to vacate the sentence pursuant to 28 U.S.C. § 2255, in which he alleges that the Court erred in imposing a consecutive sentence for the violation of 18 U.S.C. § 924(c), and defense counsel provided constitutionally inadequate representation by failing to argue against the consecutive sentence. The government has filed an answer in opposition to the motion.

Section 924(c), the primary focus of the petitioner's motion, states:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). In *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), the Sixth Circuit read the italicized language of that statute as a limitation on the imposition of a consecutive sentence when the defendant was already subject to a mandatory minimum sentence for another crime arising from the same transaction. The court held that "the 'except' clause of the firearm statute exempts a criminal defendant from the mandatory minimum if the defendant is subject to another, greater mandatory minimum sentence." *Id.* at 241.

Unfortunately for the petitioner, that rule did not hold up. In *Abbott v. United States*, 131 S. Ct. 18 (2010), the Supreme Court held "that a defendant is subject to a mandatory, consecutive

sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* at 23. Based on *Abbott*, the Supreme Court granted certiorari and vacated the Sixth Circuit's judgment in *Almany*. *United States v. Almany*, --- S. Ct. ---, 2010 WL 2300485 (Nov. 29, 2010).

*Abbott* is the domino that topples the rest of the petitioner's arguments. Of course, his main argument has no merit, since the Supreme Court's decision undercuts it. Another reason the petitioner otherwise may have been foreclosed from obtaining relief on that argument is his failure to raise it on direct appeal. The petitioner did not file a direct appeal of his conviction or his sentence. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (stating that "we have long and consistently affirmed that a collateral challenge may not do service for an appeal").

The petitioner's second argument — ineffective assistance of counsel — likewise is undermined by *Abbott*. To establish this claim, the petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Even if the petitioner could show that his attorney should have anticipated the holding in *Almany*, he cannot show prejudice because he would not stand to benefit from that now-vacated decision.

The Court finds no merit to the grounds for relief stated in the petitioner's motion to vacate the sentence.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt #26] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 16, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2010.

s/Deborah R. Tofil
DEBORAH R. TOFIL