UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case Number: 09-20129
                                                        Honorable David M. Lawson

v.

TOMMY JACKSON,

        Defendant.
_____/

## **OPINION AND ORDER GRANTING IN PART MOTION TO REDUCE SENTENCE**

Defendant Tommy Jackson seeks a reduction of his 180-month prison sentence imposed in 2009 for drug and firearm convictions. One count of conviction was for crack cocaine delivery — five grams or more — the penalties for which were reduced by the Fair Sentencing Act of 2010, and the reduction was made retroactive by the First Step Act of 2018. Jackson's sentence also included custody terms for three other crimes not addressed by that legislation, and because he is eligible for a sentence reduction under the First Step Act, he asks the Court to consider a reduction of his total sentence. The government resists that request, pointing out that Jackson is not entitled to a plenary resentencing. The government is correct on that point. But it is not dispositive, because the Court has discretion to reduce Jackson's entire sentence when one component includes a penalty for a covered offense. Exercising that discretion, however, will require additional information. Therefore, the Court will grant the motion in part and order the Probation Department to prepare an updated presentence report.

I.

Jackson pleaded guilty to possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a) (Count 1), possession with intent to distribute fewer

than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4). He was sentenced on September 22, 2009 to concurrent 120-month prison terms for Counts 1 through 3 and a consecutive 60-month term for the section 924(c) violation, for a total custody sentence of 180 months.

Jackson previously had been convicted in state court of possession of fewer than 25 grams of cocaine, for which he had received a probationary sentence. That previous conviction triggered a sentencing enhancement on the crack charge, which normally carried a five-year mandatory minimum sentence, increasing the mandatory minimum to ten years (120 months). That previous conviction, taken together with the rest of Jackson's criminal record, also qualified him as a career offender under U.S.S.G. § 4B1.1. As a career offender, Jackson's advisory sentencing guideline range was 262 to 327 months.

The Court varied downward to Count 1's mandatory minimum sentence — 120 months — because "the defendant's crimes were motivated primarily by his drug addiction," he posed only "a moderate danger to others," and "[a] sentence within the career offender guidelines would not [have] achieve[d] any further rehabilitative or retributive purpose and would [have] amount[ed] to needless expenditure of government resources." Jackson did not appeal his sentence, and the Court denied a subsequent motion to vacate the sentence under 28 U.S.C. § 2255.

On November 19, 2019, Jackson filed a motion for a reduced sentence under section 404 of the First Step Act, asking for plenary resentencing. Jackson points out that since he was convicted, the law changed in three ways that could potentially impact his sentence. First, Congress passed the First Step Act of 2018; section 404 of that Act made retroactive the Fair

Sentencing Act's provisions that increased the amount of crack necessary to trigger mandatory minimum sentences, so that mandatory minimum would no longer apply.  Second, section 401 of the First Step Act changed the type of predicate drug offense that would increase the penalties for crack convictions in a procedure under 21 U.S.C. § 851, defining a qualifying "serious drug felony" as a drug felony for which the defendant served over one year in prison.  Finally, in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*), the Sixth Circuit held that attempted drug deliveries do not constitute controlled substance violations that trigger the career offender sentencing guideline enhancement.  Jackson argues that if he were to be sentenced today, he would not be considered a career offender with a "serious drug felony," and his advisory sentencing guideline range would be 106 to 117 months, plus the consecutive sentence for the section 924(c) conviction.  He says that because his crack conviction is a qualifying offense under the First Step Act, the Court ought to take a second look and the whole sentence "package."

## II.

"Although a district court generally 'may not modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c), a court may do so under certain limited circumstances, including 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'"  *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)).  Jackson's offense of conviction in Count 1 is one that Congress has addressed "by statute."  In section 2 of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), Congress increased the quantity of crack necessary to trigger a five-year mandatory minimum sentence (or ten-year sentence for individuals, like Jackson, who had a prior felony drug offense) from five grams to 28 grams.  *Dorsey v. United States*, 567 U.S. 260, 269 (2012); Pub. L. 111-220, 124 Stat. 2372 § 2(a)(2).  Then, in 2018 Congress passed the First Step Act; in Section

404 of the Act, the Fair Sentencing Act's statutory changes for crack cocaine offenses were made retroactive to defendants who were sentenced before August 3, 2010. *United States v. Boulding*, 960 F.3d 774, 778 (6th Cir. 2020) (citing the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018)).

"[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone," regardless of the drug quantity that actually may have been involved in the offense. *Id.* at 781. And "[i]t makes no difference to [a defendant's] eligibility for resentencing under the First Step Act that his sentencing guidelines have not changed or that he was sentenced as a career offender." *United States v. Hicks*, 427 F. Supp. 3d 930, 932 (E.D. Mich. 2019) (citing *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019)).

The First Step Act imposes only two limits on eligibility. "Defendants may not seek a reduction if their sentence was already modified to comport with the Fair Sentencing Act. . . . And defendants may not seek resentencing under the First Step Act if they lost a prior motion after a 'complete review of the motion on the merits.'" *Beamus*, 943 F.3d at 791 (quoting First Step Act of 2018, § 404(c), 132 Stat. at 5222).

However, although a defendant may be eligible for relief under the First Step Act, "[a] district court . . . is not 'require[d] . . . to reduce any sentence' pursuant to section 404(b)." *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting First Step Act §§ 404(b), (c)). "Instead, the choice of whether to grant such relief to an otherwise eligible defendant is left to 'the district court's sound discretion.'" *Ibid.* (citing *Beamus*, 943 F.3d at 792).

Jackson is eligible for resentencing under Section 404 of the First Step Act because the Court imposed a sentence on Jackson for a "covered offense" on Count 1. Jackson pleaded guilty to violating 21 U.S.C. § 841(b)(1)(B) by possessing with intent to distribute more than five grams

of crack cocaine. At the time, he faced penalties of at least ten years and up to life imprisonment due to his prior conviction of a felony drug offense. The Court imposed the mandatory minimum sentence — 120 months; the Fair Sentencing Act eliminated the mandatory sentence for amounts under 28 grams. *Dorsey*, 567 U.S. at 269. Applying the Fair Sentencing Act to Jackson's violation today would result in a potential statutory sentencing range of 0 to 30 years imprisonment. And because the sentence has not previously been reduced under the Fair Sentencing Act, and Jackson has not filed a previous motion under the Act, the Court may impose a reduced sentence in this case. First Step Act, §404, 132 Stat. at 5222.

The government, conceding that Jackson is eligible for resentencing on Count 1, argues that the Court should decline to exercise its discretion and leave Jackson's sentence as is. Jackson is also subject to concurrent ten-year sentences on Counts Two and Four, which were unaffected by the First Step Act because they did not involve crack cocaine. The government contends that the First Step Act does not authorize plenary resentencing.

The Sixth Circuit plainly has held that the First Step Act does not *require* plenary resentencing. *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019). That is because the court reads the sentence adjustments authorized by the First Step Act as sentence "reductions" authorized by 18 U.S.C. § 3582(c), not "resentencings." *United States v. Smith*, 958 F.3d 494, 498 (6th Cir. 2020) (citing Federal Rule of Criminal Procedure 43, which requires that a defendant must be present at sentencing, but states that he need not be present where the proceeding "involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)"); *see also Alexander*, 951 F.3d at 708.

The First Step Act left the decision whether to grant relief, and the extent of such relief, "to the district court's sound discretion." *Beamus*, 943 F.3d at 792 (citing the First Step Act of

2018, § 404(b); *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)). The court found it "hard to imagine that Congress not only created an exception to the rule of finality but also, without expressly saying so, mandated a far broader plenary resentencing requirement." *Foreman*, 958 F.3d at 512; *see also Pepper v. United States*, 562 U.S. 476, 490 (2011) (explaining breadth of resentencing following a general remand). But the court of appeals in this circuit has never held that the First Step Act *prohibits* plenary resentencing, that is, reducing an entire sentence that includes both covered and non-covered offenses. And it has acknowledged that "[i]n exercising . . . discretion, a judge may take stock of several considerations," noting that "[h]ow . . . those considerations play out . . . [is] a question only the district court can answer." *Beamus*, 943 F.3d at 792.

In *Hegwood*, the Fifth Circuit rejected the defendant's argument that the district court erred when it did not recalculate his sentencing guidelines as a non-career offender when reducing his sentence under the First Step Act, "[c]oncluding that the First Step Act does not allow plenary resentencing." *Hegwood*, 934 F.3d at 415. In reaching that conclusion, the court drew a direct analogy to *Dillon v. United States*, 560 U.S. 817 (2010), *Hegwood*, 934 F.3d at 418, as does the government here. In *Dillon* the Supreme Court considered whether a district court, when ruling on a defendant's motion to reduce his pre-*Booker* sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive sentencing range reduction, could vary below the new guideline range. The Court held that a district court could not do so because the reduction authorized by section 3582(c)(2) must be "consistent with the applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 826 (quoting 18 U.S.C. § 3582(c)(2)). The policy statement was found at U.S.S.G. § 1B1.10, which imposed explicit limits on the district court's discretion when reducing a sentence under that statute. *Id.* at 827. One is that "the court shall substitute only the [range-

lowering] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.* (quoting U.S.S.G. § 1B1.10(b)(1)). Another is that the district court "may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Ibid.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)). Although the statute directed the sentencing court to "consider[] the factors set forth in section 3553(a)," the *Dillon* court held that this reference "is appropriate only at the second step of this circumscribed inquiry," and therefore "it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Ibid.*

The analogy to *Dillon* breaks down when one considers that sentence reductions under the First Step Act are authorized by section 3582(c)(1)(B), not section 3582(c)(2). *See United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020) (holding that "[s]ection 3582(c)(1)(B) is . . . not itself a source of authority for sentence modifications [under the First Step Act], nor does it delineate the scope of what the district court should consider when resentencing is authorized by another provision.") (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019)). The former section does not include a contingency that requires sentence reductions to be consistent with the Sentencing Commission's policy statements. And therefore this authority does not come bound by the limitations discussed by the *Dillon* court.

The better view is that when considering a sentence reduction under section 3582(c)(1)(B), the court may exercise discretion to reduce the total sentence when a covered offense is involved, informed by all relevant factors. *Id.* at 357 (holding that "courts may consider all relevant factors when determining whether to reduce a defendant's sentence under § 404" including those under

section 3553(a)). That instruction is inconsistent with the idea that the First Step Act *prohibits* plenary resentencing.

Other courts have held that district courts may, but need not, reduce a sentence that was imposed on both covered and non-covered offenses. In *United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020), the court held that the district court erred when it "determined that the First Step Act did not permit [it] to reduce [the defendant's] sentence for a non-covered offense that was a component of an aggregate sentence including covered offenses." *Id.* at 610. The court held that once it is determined that a defendant is eligible for relief because he was sentenced for an offense covered by the First Step Act, "the text of the First Step Act requires no more for a court to consider whether it should exercise its discretion to reduce a single, aggregate sentence that includes covered and non-covered offenses." *Ibid.* The court found significance in Congress's decision to impose only two limitations — and no more — on a defendant's right to seek relief under the Act: that the sentence already included the modifications contemplated by the Fair Sentencing Act, and that the defendant already lost a similar motion on the merits. The court reasoned that "[i]f Congress intended the Act not to apply when a covered offense is grouped with a non-covered offense, it could have included that language. It did not." *Ibid.*; *see also ibid.* ("Excluding non-covered offenses from the ambit of First Step Act consideration would, in effect, impose an extra-textual limitation on the Act's applicability.").

Ignoring non-covered offenses that are part of an aggregate sentence would not "comport[] with the manner in which sentences are imposed." *Id.* at 611. The court pointed out that "[m]ultiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment." *Ibid.* (citing 18 U.S.C. § 3584(c)).

The Fourth Circuit came to the same conclusion in a slightly different context, holding that a defendant is eligible for relief under the First Step Act when his sentence was for "a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced." *United States v. Gravatt*, 953 F.3d 258, 262 (4th Cir. 2020).

The government's argument confounds the question of eligibility for relief with whether the defendant ought to receive relief. Jackson is not *entitled* to relief, because "nothing in section [404 of the First Step Act] is to be construed to require a court to reduce any sentence." First Step Act § 404(c). He is *eligible* for relief because his sentence includes punishment for a covered offense. And "[o]nce past that threshold, a court may consider a defendant's request for a reduced sentence, including for non-covered offenses that are grouped with the covered offenses to produce the aggregate sentence." *Hudson*, 967 F.3d at 611.

Under all the relevant circumstances, Jackson should receive some measure of relief on his aggregate sentence. Consider that one purpose of the First Step Act is "to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Had Jackson been sentenced for his offense today, he would not be facing the same penalties for several reasons.

First, as noted above, the quantity of crack cocaine required to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) has been increased to a level greater than the amount Jackson possessed. Second, section 401 of the First Step Act amended 21 U.S.C. § 841(b)(1)(A) and (B) so as to require a prior conviction for a "serious drug felony" to enhance the penalties prescribed in those sections. Jackson's 1993 drug offense no longer qualifies, as he did

not serve over one year in prison for that crime. *See* First Step Act, §§ 401(a)(1), (a)(2)(A)(i). Section 401, however, applies prospectively only.

Third, Jackson would not be considered a career offender. He was deemed a career offender when he was sentenced in 2009 based on a 2006 cocaine delivery conviction for which he was sentenced to 244 days in jail, and a 2005 attempted controlled substance delivery conviction for which he was sentenced to two years of probation with six months in jail. However, in *United States v. Havis*, the court of appeals held that "attempted" controlled substance offenses cannot be considered predicate offenses under the career offender enhancements in the Sentencing Guidelines because attempts are not found in the textual definitions; they were added by the commentary, which had not been subject to congressional review. 927 F.3d 386-87.

All of this makes a difference. Jackson asserts that if he had only one prior controlled substance offense conviction under the Sentencing Guidelines, his net offense level would be 21 (base level of 20 under section 2K2.1(b)(1)(A); three-level reduction for acceptance of responsibility under section 3E1.1; two-level increase for three firearms under section 2K2.1(b)(1)(A); two-level increase for a stolen firearm under section 2K2.1(b)(4)(A)), yielding a sentencing range of 46 to 57 months, plus a consecutive 60 months for the section 924(c) offense. The resulting guideline range would be 106 to 117 months. Although that assessment may be generous, considering that some of the provisions Jackson relies on have not been made retroactive, it does call into question the propriety of his 180-month sentence. Jackson already has served 136 months.

The Court needs updated information to determine the extent of the relief Jackson should be afforded. The Probation Department will be able to furnish an updated report promptly.

III.

Defendant Tommy Jackson is eligible for a sentence reduction under the First Step Act. The Court will need current information so that it can apply the factors found in 18 U.S.C. § 3553(a) and make an informed decision on resentencing.

Accordingly, it is **ORDERED** that the defendant's motion to reduce his sentence under the First Step Act (ECF No. 37) is **GRANTED IN PART**.

It is further **ORDERED** that United States Probation Department provide updated, current information on the defendant's status by **February 16, 2021**.

It is further **ORDERED** that if the parties wish to comment on the updated information, they must do so **on or before February 23, 2021**.

It is further **ORDERED** that the defendant's motion for immediate consideration (ECF No. 42) is **DENIED as moot**.

                                                   s/David M. Lawson  
                                                   DAVID M. LAWSON  
                                                   United States District Judge

Dated:   January 25, 2021