UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number: 09-20129
                                            Honorable David M. Lawson

v.

TOMMY JACKSON,

        Defendant.
_____/

### **SUPPLEMENTAL ORDER GRANTING MOTION TO REDUCE SENTENCE**

The Court filed an opinion and order on January 25 this year granting in part the defendant's motion to reduce his sentence under the First Step Act of 2018. Finding that Jackson should have some relief from his total sentence because the penalties had been reduced on a covered offense, the Court directed the Probation Department to furnish updated information, to which the parties could respond. The Court has received a memorandum from the Probation Department, and both parties indicated that they did not intend to comment on the information.

As discussed in the opinion, Jackson was sentenced on September 22, 2009, to a term of 120 months on Counts 1, 2, and 4, to run concurrent and 60 months on Count 3 to run consecutive to Counts 1, 2 and 4. At the time of sentencing, Count 1 carried a mandatory minimum prison term of 120 months due to a penalty enhancement information the government filed under 21 U.S.C. § 851.

At the time of the original sentencing hearing, Jackson qualified as a career offender and his sentencing guideline range was 262 to 327 months. If charged today, the current statutory term of custody would be up to 30 years without a mandatory minimum for Counts 1 and 2, accounting for the section 851 enhancement. However, Jackson no longer qualifies as a career offender as one of his previous qualifying offenses no longer triggers that enhancement. The sentencing guideline

calculation would be as follows: Base Offense Level of 20, plus 2 levels for multiple firearms, plus 2 for the firearm being stolen and minus 3 for the acceptance of responsibility. The total offense level would then be 21. Coupled with a criminal history category of III, the resulting guideline range would be 46 to 57 months, plus 60 months consecutive, for an aggregate guideline range of 106 to 117 months.

According to the probation department, Jackson has done well while in custody. He works mainly in the food services department. He has taken part in 1,406 hours of educational and vocational training including courses in History, Culinary Arts, Nutrition, Basketball, Spanish, Parenting, and Drug Education courses. Jackson sought home confinement for COVID-19 reasons but was denied on September 30, 2020. He has been sanctioned only twice during his prison stay: September 23, 2013, for Refusing to Obey an Order and Being Absent from Assignment; and February 1, 2012, for Possessing an Unauthorized Item. The probation department memo characterizes both sanctions as minor in nature. At the present time, Jackson works in the Recycling Department and his release date from FCI Texarkana, Texas, is December 22, 2021.

Considering the revised advisory guideline range, together with all the factors in 18 U.S.C. § 3553(a), as discussed by the Court at the original sentencing hearing, and accounting for Jackson's post sentencing conduct, the appropriate sentence for Counts 1, 2, and 4 should fall within the guideline range. There is nothing in the record that supports an upward variance or departure. The Court will reduce the sentences on those counts to 57 months, to run concurrently with each other. The 60-month consecutive sentence for Count 3 will remain.

Accordingly, it is **ORDERED** that the defendant's motion to reduce his sentence under the First Step Act (ECF No. 37) is **GRANTED**.

It is further **ORDERED** that the defendant's term of custody is **REDUCED** to 57 months on Counts 1, 2, and 4 run concurrently with each other, and 60 months on Count 3, to run consecutively to the sentences on Counts 1, 2, and 4, for a total aggregate sentence of 117 months.

It is further **ORDERED** that this order is stayed for up to fourteen days to allow the Bureau of Prisons to verify the defendant's residence and release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release after the defendant is quarantined. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, quarantine is complete, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

It is further **ORDERED** that all other terms of the original sentence, including the period of supervised release and all conditions, are reimposed.

An amended Judgment and Commitment will enter.

It is further **ORDERED** that the defendant must provide to the probation office in the district where he will be released the complete address where he will reside upon release.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 11, 2021